UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHIEF OFO,**
*on behalf of the Cashbox Trust Tribal Government*,

                **Plaintiff,**            Civil Action 2:24-cv-3492
                                       Judge Sarah D. Morrison
    v.                              Magistrate Judge Chelsey M. Vascura

**SHERIFF DEPUTY HAYES,** *et al.*,

                **Defendants.**

### REPORT AND RECOMMENDATION

Plaintiff, Chief Ofo, on behalf of the Cashbox Trust Tribal Government, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## I.  STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e), the federal *in forma pauperis* statute, Courts must *sua sponte* dismiss an action upon determining that an *in forma pauperis* complaint fails to state a claim on which relief can be granted. Thus, a typical initial screen involves consideration of the merits of the claims asserted. Here, though, upon review of Plaintiff's Complaint, the undersigned determines that it is unnecessary to consider the merits of the claims she advances because this Court lacks subject-matter jurisdiction to hear such claims. When the face of the complaint provides no basis for federal jurisdiction, the Court may dismiss an action as frivolous and for lack of subject-matter jurisdiction under both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3). *Williams v. Cincy Urb. Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

## II.  ANALYSIS

On June 17, 2024, non-party Antonia Bey was issued a speeding ticket by Defendant Deputy Hayes of the Vinton County Sheriff's Department. (*See* ECF No. 1-1, PAGEID #6–7.) Plaintiff, the Chief of the Cashbox Trust Tribal Government, alleges that Hayes unlawfully stopped Bey in Indian Country without reasonable suspicion or probable cause, that Hayes and Defendants Sheriff Ryan Cain and the Vinton County Sheriff's Department unlawfully seized sacred property belonging to Bey, and that Bey was arrested and unlawfully imprisoned at the Southeastern Ohio Regional Jail. (Compl. ¶¶ 9–14.) Plaintiff advances claims for trespass (which Plaintiff uses to refer to the "unlawful[ ] ent[ry] and interfere[nce] with the personal property of Antiona Bey"), breach of treaty, unlawful imprisonment, violation of civil rights under 42 U.S.C. § 1983, and violation of Indian civil rights under 25 U.S.C. § 1302. (*Id.* at 3–4.)

Plaintiff's allegations fail to provide a basis for a claim over which this Court has subject-matter jurisdiction. United States District Courts have jurisdiction under Article III of the United States Constitution only over "cases" or "controversies." Art. III, § 2. As part of the case-or-controversy requirement, plaintiffs must demonstrate standing to bring the claims they advance. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). And to demonstrate standing, plaintiffs must establish that they have suffered an injury in fact that is "particularized"; in other words, the injury complained of "must affect the plaintiff in a personal and individual way." *Id.* (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992)); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (2982) ("[A]t an irreducible minimum, Art. III requires the party who invokes the court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.") (cleaned up).

Here, Plaintiff complains only of violations of rights belonging to a non-party, Antonia Bey. Neither Plaintiff nor the tribe Plaintiff represents were injured by the wrongful arrest, seizure, or detention alleged in the Complaint.[1] Plaintiff therefore lacks standing to bring the claims advanced in the Complaint and Plaintiff's claims must be dismissed for lack of subject-matter jurisdiction.

### III. DISPOSITION

For the reasons set forth above, Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) (ECF No. 1) is **GRANTED**. It is **RECOMMENDED** that the Court

---

[1] To the extent that Plaintiff or the tribe suffered an injury as a result of the alleged "breach of treaty rights guaranteed to Native Americans," Plaintiff has identified neither the treaty in question nor any rights under the treaty implicated by Defendants' conduct. Plaintiff has therefore failed to plausibly state a claim for breach of treaty rights even if standing is present. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**DISMISS** Plaintiff's Complaint under § 1915(e)(2) for failure to assert any claim over which this Court has subject-matter jurisdiction.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

> /s/ *Chelsey M. Vascura*
> CHELSEY M. VASCURA
> UNITED STATES MAGISTRATE JUDGE