UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHIEF OFO,**
*on behalf of the Cashbox Trust Tribal*
*Government***,**

|  |  |
|---|---|
| **Plaintiff,** | **Civil Action 2:24-cv-3492** |
|  | **Chief Judge Sarah D. Morrison** |
| **v.** | **Magistrate Judge Chelsey M. Vascura** |

**SHERIFF DEPUTY HAYES,** *et al.***,**

           **Defendants.**

## <u>ORDER and REPORT AND RECOMMENDATION</u>

Plaintiff, Chief Ofo, on behalf of the Cashbox Trust Tribal Government, commenced this case on June 27, 2024, by obtaining leave of Court to proceed *in forma pauperis*. (ECF Nos. 1, 3.) The undersigned recommended dismissal of Plaintiff's Complaint for lack of standing because the Complaint's allegations pertained only to violations of rights belonging to Antonia Bey, a non-party. (ECF No. 3.) This matter is before the Court on the motion of non-party Antonia Bey, also known as Chief Eagle Eye, to amend the complaint (ECF No. 6). As Mr. Bey is not currently a party to this action, the Court construes his filing as a motion to intervene. For the reasons below, Mr. Bey's motion to intervene is **GRANTED**.

Mr. Bey has also moved for leave to proceed *in forma pauperis* (ECF No. 8), which the Court **GRANTS**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

This matter is also before the Court for the initial screen of Mr. Bey's Amended Complaint as required by 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons below, the undersigned **RECOMMENDS** that the Court **DISMISS** this action under § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

## I.     MOTION TO INTERVENE

The Court may grant intervention as of right under Federal Rule of Civil Procedure 24(a) or permissive intervention under Rule 24(b). A court "must" allow intervention as of right for anyone who:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Intervenors must establish the following four factors to intervene as of right:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Grainger v. Ottawa Cnty., Michigan*, 90 F.4th 507, 513 (6th Cir. 2024) (quoting *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007)). Mr. Bey readily satisfies the first, second, and fourth element. As Mr. Bey's motion was filed only a few weeks after Plaintiff commenced the action, the motion to intervene is timely. Further, Mr. Bey has a substantial legal interest in the subject matter of the case; indeed, the undersigned recommended dismissal of

Plaintiff's claims because they sought relief for violations of rights belonging to Mr. Bey, not to Plaintiff. And because Plaintiff lacks standing to pursue those claims, the parties already before the Court cannot adequately protect Mr. Bey's interests. Mr. Bey cannot satisfy the third element, however. Because, in his absence, this case will be dismissed for lack of standing, nothing would prevent Mr. Bey from initiating a new case on his own behalf. *See Grainger*, 90 F.4th at 516 (collecting cases holding that "intervention is not required when it would only prevent litigants from facing the inconvenience of filing their claims in other litigation"). Mr. Bey therefore may not intervene as of right.

Permissive intervention standards are more easily met. Rule 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." "Thus, a district court may exercise discretion to permit a timely motion for intervention by a party who has stated a common question of law or fact, and must, in exercising this discretion, balance undue delay and prejudice to the original parties." *Grainger*, 90 F.4th at 518 (cleaned up). Here, Mr. Bey's motion is timely, and his proposed claims deal with the same underlying facts and alleged violations of Mr. Bey's rights as are described in Plaintiff's Complaint. Moreover, as this case is in its infancy, and because the undersigned has recommended dismissal of Plaintiff's claims in any event, the undersigned can discern no prejudice to Plaintiff or undue delay that would be caused by permitting Mr. Bey to intervene. Permissive intervention is therefore appropriate.

## II.     SCREEN OF AMENDED COMPLAINT UNDER § 1915(e)(2)

### A.     Standard of Review

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are

3

assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). See also *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

4

"suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id*. (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## B.    Analysis

Mr. Bey alleges that on June 17, 2024, he was taken against his will by Sgt. Michelle and Deputy Hayes, both officers of the Vinton County, Ohio Sheriff's Department. (Am. Compl. 1, ECF No. 6). Defendants also seized Plaintiff's vehicle. (*Id.*) Based on exhibits to Chief Ofo's Complaint, which Mr. Bey incorporates into his Amended Complaint by reference, Defendants issued Mr. Bey a traffic ticket for speeding and for failure to display a license plate on his vehicle. (ECF No. 1-1, PAGEID #14.) Plaintiff also refers to proceedings in the Vinton County, Ohio Court. (Am. Compl. 1–2, ECF No. 6.)

Mr. Bey asserts the following claims arising from Defendants' conduct: breach of Articles 1 and 9 of the Treaty of Greenville; loss of unspecified sacred property; loss of employment and associated income because of the stigma of his unlawful detention; violation of

5

his Fourth Amendment right to be free of unreasonable searches and seizures; violation of his

right to fair legal proceedings; loss of $232 held by the Southeastern Ohio Regional Jail;

damages "associated with self-defense" of over $10 million; damages for emotional distress and

a continued fear of being kidnapped; kidnapping pursuant to an unlawful order by the Vinton

County Court; and violation of his due process rights. (Am. Compl. 1–2, ECF No. 6.) Plaintiff

seeks compensatory and punitive damages, injunctive relief, and writs of replevin and execution.

(*Id.*)

Mr. Bey fails to state a claim on which relief can be granted because his factual

allegations fail to raise a plausible inference that his rights were violated. The only alleged facts

are that he was issued a traffic ticket, had his vehicle seized, and was apparently arrested. Mr.

Bey has not alleged facts on which the Court can rely to conclude that the ticket, seizure, or

arrest were unlawful. Mr. Bey's allegations are therefore the kind of "naked assertions devoid of

further factual enhancement" that do not suffice to state a claim. *See Iqbal*, 556 U.S. at 678

(cleaned up).[1]

## III. DISPOSITION

For these reasons, Mr. Bey's Motion to Intervene (ECF No. 6) is **GRANTED**. The Clerk

is **DIRECTED** to re-align Mr. Bey as a Plaintiff and to file his Amended Complaint (ECF No.

6) on the docket.

---

[1] Mr. Bey also attaches a proposed Second Amended Complaint to his motion for leave to proceed *in forma pauperis*. The Second Amended Complaint is styled as a petition for writ of quo warranto and mandamus, and contains an even more generalized account of his claims that Vinton County officials are engaging in actions beyond their authority. (*See* ECF No. 8-1.) The Second Amended Complaint therefore does nothing to cure the deficiencies in Mr. Bey's Amended Complaint.

Further, Mr. Bey's motion for leave to proceed *in forma pauperis* (ECF No. 8) is

**GRANTED**. It is **RECOMMENDED** that Mr. Bey's Amended Complaint be **DISMISSED** for

failure to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B).

The undersigned's July 1, 2024 Report and Recommendation (ECF No. 3)

recommending dismissal of Chief Ofo's claims for lack of standing remains pending.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen

(14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with

supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations

to which objection is made. Upon proper objections, a District Judge of this Court may accept,

reject, or modify, in whole or in part, the findings or recommendations made herein, may receive

further evidence or may recommit this matter to the Magistrate Judge with instructions. 28

U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to have the District Judge review the Report

and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

7