UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Chief Ofo for the Cashbox Trust Tribal Government,**
*Ex rel the Ohio Governor's Office and Attorney General's Office,* **et al.,**

    **Plaintiffs,**

    v.

**Sheriff Deputy Hayes,** *et al.,*

    **Defendants.**

Case No. 2:24-cv-3492

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff, proceeding pro se and in forma pauperis, filed a Complaint and an Amended Complaint in this case. ECF Nos. 2 & 10. Pursuant to 28 U.S.C. § 1915, the magistrate judge performed an initial screen of each and issued Reports and Recommendations ("R&R"). ECF Nos. 3 & 11. The first R&R ("R&R 1") recommended dismissing the Complaint for lack of subject-matter jurisdiction, concluding the Complaint was signed by a party who lacked standing to bring the claims asserted therein. R&R 1, ECF No. 3. The second R&R ("R&R 2") was directed at the Amended Complaint and recommended dismissing the Amended Complaint for failure to state a claim. R&R 2, ECF No. 11. Specifically, R&R 2 concluded the Amended Complaint was signed by an appropriate party (Intervenor Antonia Bey) but that the "factual allegations fail to raise a plausible inference that [Intervenor's] rights were violated." *Id.* at 6. Both R&Rs notified

the parties of their right to object to the recommendations contained therein and that a failure to timely object would result in the right to de novo review by the Court as well as the right to appeal the Court's adoption of the R&R. R&R 1 at 4, ECF No. 3; R&R 2 at 7, ECF No. 11.

No party timely objected to R&R 1, and the Court **ADOPTS** it without further review.

Intervenor timely objected to R&R 2, ECF No. 13, and, pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court reviews de novo the portions of R&R 2 that were properly objected to. The objection references several of Intervenor's rights and repeats the Amended Complaint's allegations that Intervenor was ticketed and arrested against his will by the Vinton County Sheriff's Office. *Id.* He contends the laws of the State of Ohio do not apply to him because he is not a State official. *Id.* The gist of the objection is that no Ohio court has jurisdiction to proceed with a criminal case against him. *Id.* ("Public Law 280 does not give the State of Ohio, or surely not the County of Vinton Ohio Sheriff Department jurisdiction over Tribal Citizens.").

On de novo review, Plaintiff's objection is **OVERRULED**. There are no facts in the Amended Complaint that, if true, would state a claim for relief; Intervenor simply lists legal conclusions. *E.g.*, Am. Compl. 1, ECF No. 10 at PAGEID # 132 ("Plaintiff Antonia Bey was taken against his will by Sgt. Michelle . . . . This action constitutes an unlawful detention and abduction of a tribal member.").

Moreover, Plaintiff's argument that the State of Ohio lacks jurisdiction to proceed in a criminal matter against him is misplaced in this Court, but Plaintiff is free to raise the defense in his State criminal cases.

Finally, to the extent success on any of Plaintiff's claims would undermine a finding of guilt in the criminal cases, this Court is barred by *Heck v. Humphrey*, 512 U.S. 486, 487 (1994), from considering them at this stage.

Accordingly, Intervenor's objections are **OVERRULED**, both R&Rs are **ADOPTED**, and the case is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**